McMAHON vs. O'DONNELL and others.

1. A simple agreement by a firm to employ one at wages to be measured by a proportion of the profits, does not constitute him a partner.

2. An answer in which the denial is made in such form as to leave it in doubt whether the denial is of the fact alleged, or only of the facts in the form and manner and at the time alleged in the bill, is evasive, and will not avail to dissolve an injunction.

3. If some of the denials in an answer, though direct, are, by reason of the manner in which they are made, evasive, and would not be sustained on exceptions, yet, if other parts of the answer allege facts responsive to the bill, and which are inconsistent with, and thus deny the material allegations of the bill, such parts may be taken in connection with the evasive denials, and form a sufficient denial to entitle the defendant to a dissolution of the injunction.

On motion to dissolve injunction upon the answer of the defendants.

*Mr. Garretson* and *Mr. Scudder*, for the motion.

*Mr. J. B. Vredenburgh* and *Mr. P. Vredenburgh*, contra.

THE CHANCELLOR.

The equity upon which this injunction depends, arises from the facts stated in the bill, that the complainant and Hugh and Neil O'Donnell, two of the defendants, were partners and purchased certain lands with the partnership funds, and for partnership purposes, and that H. and N. O'Donnell fraudulently, without the knowledge or consent of complainant, took the conveyances in their own names, and upon a dissolution of the partnership on January 1st, 1868, claimed the same as their individual property, and fraudulently sold and mortgaged them to the other defendants. The bill prays that these lands shall be decreed to be held in trust for all the partners, and the injunction restrains the defend-

ants from selling or conveying the same, or assigning the mortgage.

The answer denies the partnership, and that the deeds were made in the names of the two O'Donnell's, without the complainant's knowledge. But this denial is made in some parts of the answer, in such form as to leave it in doubt whether the denial is of the fact alleged, or only of the facts in the form and manner, and at the time alleged. Such answer is evasive; as if a bill should charge that the defendant "executed a mortgage to complainant, and then folded it up, put it in a blue envelope, tied it with red tape, and handed it to complainant;" a denial of the facts in the words of the charge connected by the word "and," would be literally true if the tape was blue or the envelope white, and the two material facts, the execution and delivery, true. In this case the charge is, "that H. O'Donnell on a certain day entered into co-partnership with complainant, under the name of O'Donnell & Co., as coopers, for the purpose of carrying on the business of cooperage on joint account, and upon an equal division of the profits." The answer denies "that H. O'Donnell on that day, &c.," in the words of the charge. This answer is not false, although every fact denied was true, except that the division of the profits was not exactly equal. The answer abounds with such denials, and none of these are sufficient denials to dissolve an injunction, nor would they be sustained on exceptions. The complainant is entitled to an admission or denial of the allegation, that the defendants entered into partnership with him, and not merely upon the day or on the terms stated, except perhaps in a case where the whole equity depended upon the day and the share of the profits. But upon a careful perusal of the whole answer, there are positive allegations of facts as to the connection of the defendants with the complainant in the business referred to, and of facts within their knowledge, sufficient to show that there was no partnership between them as regards the capital or property of the partnership, but only an agreement that the complainant should be em-

ployed at wages to be measured by a proportion of the profits. The answer as to these facts is responsive to the bill, and is inconsistent with, and thus denies, the allegations that they were partners as to this business; and this, connected with the direct denial in the form I have mentioned, is on the whole a sufficient denial to entitle the defendants to a dissolution of the injunction. The denial that the title to these lots was taken in the name of Hugh and Neil O'Donnell, without the knowledge of the complainant, is full and explicit. If there was no partnership, except that the complainant was to be paid for his services by a proportion of the profits, and these lots were bought by the defendants through him as their agent, and the conveyance made to them in their own names, with the knowledge and in the presence of the complainant, the lots are not held in trust for him, nor can he have any right to restrain the sale of them. The injunction must be dissolved.